# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4708 | **DATE** | December 15, 2003 |
| **CASE TITLE** | Travelers Indemnity Co. v Bruce Farmer, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ■ Status hearing reset to 2/3/04, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, defendants' motion to dismiss is granted with respect to counts III, IV and V, and denied with respect to counts I and VI. Plaintiff's amended complaint is due by 1/9/04. Defendants' responses are due by 1/30/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | DEC 16 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 14 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| GDS | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**DEC 1 6 2003**

THE TRAVELERS INDEMNITY COMPANY OF )
ILLINOIS, a Connecticut corporation, )
)
        Plaintiff, )
)   No.   03 C 4708
v. )
)   Judge Robert W. Gettleman
BRUCE FARMER, d/b/a Hills Custom Roofing, )
a sole proprietorship; HILLS CUSTOM ROOFING, )
INC., an Illinois corporation; BRUCE FARMER, )
an individual; J.C. ROOFING, a sole )
proprietorship; and JESSE CORBIN, an individual, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, The Travelers Indemnity Company of Illinois ("Travelers"), filed a six-count complaint against defendants Hills Custom Roofing, Inc., J.C. Roofing, Jesse Corbin, and Bruce Farmer, both individually and doing business as ("d/b/a") Hills Custom Roofing, seeking damages arising from defendant Farmer's alleged scheme to obtain workers compensation insurance coverage from plaintiff at a discounted premium. Specifically, plaintiff alleges: breach of contract claims against Farmer d/b/a Hills Custom Roofing and J.C. Roofing (Counts I and II, respectively); common law fraud against Farmer in his individual capacity (Count III); conspiracy to commit common law fraud against Farmer, Corbin, and Hills Custom Roofing, Inc. (Count IV); unjust enrichment against Farmer d/b/a Hills Custom Roofing (Count V)[1]; and unjust enrichment against Hills Custom Roofing, Inc. (Count VI).

---

[1] The court notes that plaintiff labeled the fifth and sixth counts of its complaint as "Count IV." Plaintiff is directed to file an amended complaint to correct this error.

Defendants Farmer and Hills Custom Roofing, Inc. have moved to dismiss Counts I, III, IV, V, and VI pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, their motion to dismiss is granted with respect to Counts III, IV, and V, and is denied with respect to Counts I and VI.

## FACTS

Defendant Bruce Farmer d/b/a Hills Custom Roofing is a sole proprietorship. Plaintiff alleges that on or about June 12, 2000, Farmer submitted an application to the National Council of Compensation Insurance, Inc. (the "NCCI") for assigned risk workers compensation insurance on behalf of Hills Custom Roofing. Among other things, Farmer's application stated that Hills Custom Roofing would be using subcontract labor, and estimated its total annual premium to be $750.

The NCCI assigned plaintiff to be the servicing carrier for Hills Custom Roofing, and Travelers issued a policy effective June 15, 2000, through June 15, 2001 (the "Hills Custom Roofing policy"). Plaintiff alleges that on reliance on the truth of the information contained in the application, it accepted Hills Custom Roofing's payment of $750 as the correct estimated premium amount.

Part Five(E) of the Hills Custom Roofing policy provided that a "final premium" would be determined after the policy ended, and that the final premium could cost more than the estimated premium. Part Five(C) states that remuneration is the most common premium basis, and includes "payroll and all other remuneration paid or payable" during the policy period for the services of all officers and employees engaged in work covered by the policy.

The Hills Custom Roofing policy also included a clause regarding audits, which stated:

2

> You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium....

Plaintiff alleges that sometime after it issued the Hills Custom Roofing policy, Farmer (or someone acting at his direction) incorporated Hills Custom Roofing, Inc. Farmer did not inform plaintiff that he had incorporated a business by that name, however.

Defendant J.C. Roofing is also a sole proprietorship, which is owned by defendant Corbin. On or about July 11, 2000, Corbin submitted an application to the NCCI for assigned risk workers compensation insurance coverage on behalf of J.C. Roofing. The NCCI assigned plaintiff to be the servicing carrier for J.C. Roofing, and plaintiff issued a policy effective July 11, 2000, through July 11, 2001 (the "J.C. Roofing policy"). The J.C. Roofing policy contained the same "final premium" and "audit" provisions as the Hills Custom Roofing policy.

Records produced during a preliminary audit of Hills Custom Roofing in August 2000 allegedly showed payments of approximately $289,000 by Hills Custom Roofing to J.C. Roofing and Corbin. According to the complaint, when asked about these payments, Corbin informed plaintiff that, (1) he never received the money and that it went straight from Hills Custom Roofing to the individual roofers themselves, (2) Hills Custom Roofing was running its payroll through J.C. Roofing's name, and (3) Hills Custom Roofing was paying him $1,200 a week for office work, such as scheduling jobs and approving roofers' invoices. Plaintiff alleges that Farmer did not provide any explanation for the payments.

In early 2001, Farmer and Hills Custom Roofing, Inc. allegedly provided plaintiff with a 1099 form that showed that Hills Custom Roofing, Inc. paid $2,391,000 in non-employee compensation for the year 2000 to J.C. Roofing. Plaintiff further alleges that the address listed for J.C. Roofing on the 1099 form was the same as Hills Custom Roofing, Inc.'s and Hills Custom Roofing's address.

In response to plaintiff's inquiry regarding the $2,391,000 payment, attorneys for Farmer and Hills Custom Roofing maintained that Hills Custom Roofing, Inc. (as opposed to Hills Custom Roofing) was the entity that would have performed any roofing work during the relevant policy period. Plaintiff's independent investigation allegedly revealed that Hills Custom Roofing, Inc. did not have its own workers compensation insurance policy in place during 2000-2001, however.

Plaintiff asserts a breach of contract claim in Count I against Bruce Farmer d/b/a Hills Custom Roofing for its failure to pay the proper premium amount that is due based on its payroll distributed by classification. In Count II, plaintiff asserts a breach of contract claim in the alternative against J.C. Roofing, in the event that the $2,391,000 payment was actually paid for work performed by J.C. Roofing (as that amount should have been considered as payroll in calculating the premiums due under the J.C. Roofing policy).

Count III is a claim for fraud against Farmer, based on his alleged misrepresentations regarding Hills Custom Roofing's use of subcontract labor and the payments made to Corbin and J.C. Roofing. Plaintiff alleges that the payments were not for subcontract labor, but rather were "pass through payments for roofing work performed by roofers for Hills Custom Roofing," and that Hills Custom Roofing, Inc. was set up to "hide payments for roofing labor" from plaintiff,

4

for the purpose of obtaining insurance coverage for less than the proper premium amounts. In Count IV, plaintiff asserts a claim against defendants Corbin, Farmer, and Hills Custom Roofing, Inc. of conspiracy to commit fraud, based on their alleged participation in Farmer's scheme.

Count V asserts a claim of unjust enrichment against Farmer d/b/a Hills Custom Roofing, based on his alleged unjust retention of the benefit of workers compensation insurance from plaintiff at less than the proper premium amount. In Count VI, plaintiff asserts a claim of unjust enrichment against Hills Custom Roofing, Inc., based on its alleged reliance on the Hills Custom Roofing policy.

## **DISCUSSION**

Defendants Hills Custom Roofing, Inc. and Farmer, both individually and d/b/a Hills Custom Roofing, have moved to dismiss Counts I, III, IV, V, and VI under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under this Rule is to test the sufficiency of the complaint, not to rule on its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts the factual allegations as true and draws all reasonable inferences favorable to plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

The consideration of a Rule 12(b)(6) motion is generally restricted to the pleadings, which include the complaint, any exhibits attached thereto, and supporting briefs. Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753 (7th Cir. 2002). Nonetheless, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993).

5

1.  Count I: Breach of Contract (against Farmer d/b/a Hills Custom Roofing)

Farmer maintains that plaintiff has not stated a claim for breach of contract in Count I because, (1) the complaint does not "identif[y] a single employee who allegedly worked for Farmer and who was paid by Farmer," and (2) plaintiff has not alleged that it paid any claims under the Hills Custom Roofing policy. The court disagrees.

First, the gist of plaintiff's complaint is that Hills Custom Roofing attempted to run its payroll through other companies for the purpose of avoiding paying the workers compensation premiums that would have been due had plaintiff known of the extent of Hills Custom Roofing's operations. To this end, plaintiff has alleged that, (1) the $289,000 payment was not to J.C. Roofing as a subcontractor, but rather went directly to the roofers, and (2) the $2,391,000 payment is properly allocated to Hills Custom Roofing, rather than Hills Custom Roofing, Inc. (which does not have its own workers compensation insurance). Given plaintiff's theory of "pass-through" payments, plaintiff's failure to allege that Hills Custom Roofing "actually hired" any paid employees is irrelevant in the context of a motion to dismiss under Rule 12(b)(6).[2]

The fact that no claims were made under the Hills Custom Roofing policy does not compel a different result. In Count I, plaintiff is seeking $800,000 for failure to pay the "proper premium amount" due. Plaintiff's alleged entitlement to this amount[3] does not appear to be

---

[2] It is worth emphasizing that, in reaching this conclusion, the court expresses no opinion as to whether plaintiff's theory of recovery will ultimately prove to be successful. Perhaps anticipating the possibility that discovery may reveal that the $2,391,000 payment was actually attributable to J.C. Roofing's payroll, in Count II, plaintiff pleads a breach of contract claim in the alternative against J.C. Roofing for proper premium amounts due.

[3] Of course, the calculation of the "proper premium amount" is a question of fact that cannot properly be resolved at the pleading stage, especially in light of the parties' dispute
(continued...)

dependent on the filing of any claims, however. Farmer's motion to dismiss Count I is therefore denied.

2.     Count III: Fraud (against Farmer individually)

To state a claim for fraud under Illinois law, a plaintiff must allege that: (1) defendant made a false statement; (2) of material fact; (3) which defendant knew or believed to be false; (4) with the intent to induce plaintiff to act; (5) the plaintiff justifiably relied on the statement; and (6) the plaintiff suffered damage from such reliance. Houben v. Telular Corp., 231 F.3d 1066, 1074 (7th Cir. 2000) (citing Williams v. Chicago Osteopathic Health Systems, 274 Ill. App. 3d 1039 (Ill. App. 1st Dist. 1995)). Under Fed. R. Civ. P. 9(b), allegations of fraud must be pled with particularity.

Farmer maintains that plaintiff's fraud claim fails because it has not adequately alleged that it was damaged by its reliance on any misrepresentations made by Farmer. More specifically, Farmer argues that, (1) as a participant in the insurance industry's assigned risk plan, plaintiff was obligated to insure Hills Custom Roofing, and (2) because the terms of the Hills Custom Roofing policy explicitly permitted plaintiff to adjust the final premium based on its audit, plaintiff was not locked into the $750 estimated premium that was calculated on the basis of Farmer's alleged misrepresentations regarding his use of subcontract labor.

Plaintiff has failed to respond to this argument, and the court is unable to identify a theory of damages caused by Farmer's allegedly fraudulent scheme. The court therefore dismisses Count III without prejudice and directs plaintiff to amend its complaint to include more

---

[3](...continued)
regarding the extent of Hills Custom Roofing's payroll.

particularized allegations regarding the nature and extent of its damages. The court notes, however, that plaintiff need not restate the allegations relating to the other elements of its fraud claim, which the court concludes are adequate.

3. <u>Count IV: Conspiracy to Commit Fraud (against Corbin, Farmer, and Hills Custom Roofing, Inc.)</u>

To state a claim for conspiracy to defraud, a plaintiff must prove a conspiracy, an overt act in furtherance of the conspiracy, and damages to the plaintiff as a result of the fraud. <u>Carl v. Galuska</u>, 785 F. Supp. 1283 (N.D.Ill. 1992) (citing <u>Bosak v. McDonough</u>, 192 Ill. App.3d 799, 803 (Ill. App. 1st Dist. 1989)).

Contrary to defendants' representation to the court, plaintiff's allegations of a conspiracy and the overt act in furtherance of that alleged conspiracy are not "exceptionally vague." The complaint alleges, among other things, both that Corbin knowingly assisted Farmer in his scheme to defraud plaintiff by allowing payments to be passed through his company to the roofers, and that Hills Custom Roofing, Inc. was formed for the sole purpose of hiding the true extent of Hills Custom Roofing's payroll from plaintiff.

Nonetheless, Count IV still fails to state a claim for conspiracy to commit fraud. Although plaintiff has adequately alleged a conspiracy, as well as an overt act in furtherance of the conspiracy, as noted above, plaintiff has not adequately alleged its damages resulting from the alleged fraud. The court therefore dismisses Count IV, without prejudice.

4. <u>Count V: Unjust Enrichment (against Farmer)</u>

Farmer argues that because the relationship between plaintiff and him is governed by the Hills Custom Roofing policy, plaintiff's claim for unjust enrichment must fail. The court agrees.

8

"Quasi-contract is not a means for shifting a risk one has assumed under contract." Industrial Lift Truck Service Corp. v. Mitsubishi International Corp., 104 Ill. App. 3d 357, 361 (Ill. App. 1st Dist. 1982). Accordingly, "where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." La Throp v. Bell Federal Savings & Loan Assoc., 68 Ill.2d 375 (Ill.1977). See also Barry Mogul and Assoc., Inc. v. Terrestris Development Co., 267 Ill. App. 3d 742 (Ill. App. 2d Dist. 1994) ("It is well established, as a general rule, that a plaintiff cannot pursue a quasi-contractual claim where there is an enforceable express contract between the parties."). Because the entirety of plaintiff's complaint against Farmer appears to rely upon the express contract between them (which plaintiff attached to the complaint), and plaintiff has not articulated a theory under which that contract would not govern its relationship with Farmer, the court grants Farmer's motion to dismiss Count V, without prejudice.

5.  Count VI: Unjust Enrichment (against Hills Custom Roofing, Inc.)

To state a claim for unjust enrichment under Illinois law, a plaintiff must allege that the defendant has unjustly retained a benefit to plaintiff's detriment, and defendant's retention of that benefit violates fundamental principles of equity, justice, and good conscience. F.H. Prince & Co., Inc. v. Towers Financial Corp., 275 Ill. App. 3d 792 (Ill. App. 1st Dist. 1995).

Hills Custom Roofing, Inc. contends that plaintiff has failed to state a claim for unjust enrichment because plaintiff has not paid any claims to, or received any claims from, Hills Custom Roofing, Inc., and it did not provide insurance coverage to Hills Custom Roofing, Inc. The court disagrees.

The crux of plaintiff's complaint against Hills Custom Roofing, Inc. is that it had no coverage of its own, but because of its relationship with Farmer, Hills Custom Roofing, Inc. received the benefits of plaintiff's coverage without paying any premiums. According to plaintiff, this is the only way Hills Custom Roofing, Inc. could have maintained its payroll of $2,391,000. At this stage of the proceedings, the court concludes that these allegations are adequate and denies defendant's motion to dismiss Count VI.

## CONCLUSION

For the reasons stated herein, defendants' motion to dismiss is granted with respect to Counts III, IV, and V, and denied with respect to Counts I and VI. Plaintiff is directed to file an amended complaint conforming to this opinion by January 9, 2004. Defendants shall file their response(s) by January 30, 2004. The parties are directed to appear for a status report on February 3, 2004, at 9:00 a.m.

**ENTER:** **December 15, 2003**

Robert W. Gettleman
United States District Judge